UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| TANYA M. BUTLER<br>4409 Quillen Circle<br>Waldorf, MD 20602<br><br>   Plaintiff,<br><br> v.<br><br>RAYMOND MABUS, Secretary,<br>United States Department of the Navy,<br><br><u>Serve</u>: Loretta E. Lynch,<br>Attorney General for the United States<br> c/o Designated Representative<br>United States Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001<br><br><u>Serve</u>: Channing D. Phillips, United States<br>Attorney for the District of Columbia<br> c/o Designated Representative<br>United States Attorney's Office<br>555 Fourth Street, N.W.<br>Washington, DC 20530<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.:_____<br>)<br>)<br>**)** **Jury Demanded**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**COMES NOW** the Plaintiff Tanya M. Butler, by and through her undersigned counsel, and sues Defendant Secretary Raymond Mabus for the cause of action stated as follows:

## INTRODUCTORY STATEMENT

1. Plaintiff Tanya M. Butler ("Plaintiff" or "Ms. Butler") brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*; and 42 U.S.C. § 1981a, for relief from discrimination based on her race (African

1

American), gender (female), engagement protected activity, subjection to sexual harassment and a hostile work environment during the course of her employment.

2.      Defendant Secretary Raymond Mabus ("Defendant" or "Secretary Mabus") discriminated against Plaintiff on the basis of her race (African American), gender (female), engagement protected activity, sexual harassment and subjected her to a hostile work environment during the course of her employment with the Department of the Navy.

## PARTIES

3.      Plaintiff Tanya M. Butler is currently domiciled at 4409 Quillen Circle, Waldorf, Maryland 20602, and is a United States citizen.  At all relevant times, Ms. Mitchell was an employee of DYRS.

4.      Defendant Secretary Raymond Mabus ("Defendant" or "Secretary Mabus") is being sued in his official capacity as the Secretary for the United States Department of the Navy ("the Agency").

5.      Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of its employment, under the theory of *Respondeat Superior*.

## JURISDICTION

6.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under the Constitution, laws or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

7.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

## VENUE

2

8.      Venue is appropriate and based on the fact that a substantial part of the actions complained of are the result of actions and the employment practices of the Defendant, an Agency of the federal government that operates within the District of Columbia, and occurred in the District of Columbia.  28 U.S.C. § 1391.  Venue is further proper in this district because there is no other district in which this action may otherwise be brought.  *Id*.

9.      Venue is further appropriate because a substantial part of the events or omissions giving rise to this Complaint occurred within the offices of the Department of the Navy, located at the Washington Navy Yard, District of Columbia.

## EXHAUSTION OF REMEDIES

10.      Plaintiff has exhausted all of her administrative remedies.

11.      On or around November 28, 2012, Plaintiff timely filed an EEO complaint with the Agency's EEO office, which was investigated by the Agency.

12.      After the investigation of her EEO complaint, Plaintiff timely requested a Hearing before the United States Equal Employment Opportunity Commission ("EEOC").

13.      The Agency provided Plaintiff with its Final Agency Decisions, which provided her with 90-days from receipt of the final decision to file her lawsuit.

14.      Plaintiff hereby timely files this action within 90-days after receipt of the Final Agency Decision.

## FACTS

15.      Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

16.      Ms. Butler has been employed with the Department of the Agency, Naval District Washington Police Division since 1989.

17.     From 2002 to the present, Ms. Butler has operated in the position of an Emergency Vehicle Dispatcher, GS 6/10, series 2151.

18.     At all relevant times, Ms. Butler's chain of command was Mr. William Campbell (White) as Lead, first level supervisor was Glenda Bond (African American), and her second level supervisor was Jeff Wilson (White).

19.     On or around September 24, 2012, Lead Dispatcher William Campbell made sexually inappropriate comments to Ms. Butler, which were overheard by at least one of her co-workers.  In response to Ms. Butler commenting on a pain in her back, Mr. Campbell loudly exclaimed, "What? Buck [Ms. Butler's fiancée] not laying it right or maybe [she] was not putting [her] legs up high enough."

20.     Although she was embarrassed and deeply offended, Ms. Butler immediately complained to her supervisor, Ms. Bond, about Mr. Campbell's sexual comment.  In response to Ms. Butler's complaint, Ms. Bond focuses on whether anyone else heard what was said and how Ms. Butler responded to Mr. Campbell's comment.  No investigation was conducted.

21.     In the first week of October 2012, Ms. Butler was assigned to sit next to Mr. Campbell and would continually sexually harass her and retaliate against her because she complaint about the harassment.

22.     Despite Ms. Butler's complaints, Mr. Campbell continued to regularly sexually harass her and he openly made sexually explicit comments to Ms. Butler such as telling her that:

-he (Mr. Campbell) can smell that she (Ms. Butler) was on her menstrual cycle;

-her (Ms. Butler's) "titties are too big";

-he (Mr. Campbell) was good in bed; and that

-his (Mr. Campbell's) penis was short, fat and pink.

4

23.     Mr. Campbell did not sexually harass Ms. Butler's male co-workers. .

24.     On or around October 15, 2012, during a meeting with Mr. Wilson and MS. Bond, Ms. Butler was informed that management was assigning Mr. Campbell to evaluate her performance. Ms. Butler explained that she was fearful that because of her complaints about Mr. Campbell's continued harassment that he should not be if given the authority to rate her. Ms. Butler was simply informed "this is the way it will be."

25.     Mr. Wilson further told Ms. Butler that Mr. Campbell was "pissed off" due to her EEO complaints about his and that "he would be retaliating" against her.

26.     Mr. Campbell did, in fact, retaliate against Ms. Butler by nit-picking her work performance, requiring her to fill out leave slips if she was a few minutes late to work, snatching items from her hand, aggressively and loudly yelling at her and giving her dirty looks.

27.     Ms. Campbell did not require Ms. Butler's co-workers (no known EEO activity) to fill out leave slips if they were a few minutes late and did not treat them in the same manner.

28.     Three days later, on or around October 18, 2012, Ms. Butler sought help from the Agency's EEO office, she was dissuaded from filing an EEO complaint about the sexual harassment and retaliation that she was experiencing. The EEO officer informed her that since Mr. Campbell had not touched her, there was "nothing they could do."

29.     Ms. Butler continued to complain to her supervisors regarding Mr. Campbell's harassment and sexual harassment, and asked to move to the night shift.

30.     Ms. Bond never responded to Ms. Butler's request to change shifts, and Ms. Butler was required to continue to work alongside Mr. Campbell.

31.     MS. Butler spoke with another Agency employee who told her that she had a right to file an EEO complaint. On or around October 25, 2012, Ms. Butler completed the EEO

complaint forms, which described the continued harassment and retaliation she was experiencing, and requested that the receptionist process the complaint forms.

32.     On or around October 31, 2012, Ms. Butler again met with an EEO officer, who allegedly began the complaint process at that time.

33.     Despite her complaints, the Agency refused to take any effective or remedial action against Mr. Campbell to stop or prevent his misconduct or approve Ms. Butler's request to move to night shift to get away from Mr. Campbell.

34.     Based on the Agency's policy, Mr. Campbell should have been placed on administrative leave.

35.     It was only after Mr. Campbell sexually harassed one of Ms. Butler's White female co-workers that he was moved.

36.     After more than a month of complaining about Mr. Campbell's discriminatory and harassing misconduct, Ms. Butler went out on sick leave due to the stress and took a day off from work and was placed on leave without pay.

37.     Approximately two weeks later, toward the end of November 2012, Ms. Butler's request for advanced leave was denied and she was further denied donated leave, despite several co-workers willing to donate leave to her.

38.     White males (no known EEO activity) were regularly approved for donated leave.

39.     Ms. Butler was further harassed and retaliated against when she was physically threatened by Mr. Jody Sees (White) when he pointed his fingers at her, like a gun, and acted as though he was shooting her.

40.     Ms. Butler was further harassed and retaliated against when Mr. Jody Sees erroneously accused Ms. Butler of not showing up for one of her shifts.  Although the Agency's

camera's showed her coming to work that day, Ms. Butler has not been paid for the day that she worked.

41.     Additionally, Ms. Butler learned that her personal information was being disseminated to management without her authority or knowledge.

42.     Because of her complaints, Ms. Butler was further denied training for PAX river, and was being unfairly scrutinized at work, which included being timed when she went to the bathroom, when she went to lunch, and monitored on the Agency's cameras to determine when she arrived and left work.  Her co-workers (no known EEO activity) were not monitored in this manner.

43.     Unlike her White co-workers (no known EEO activity), Ms. Butler was also not permitted to change the channel of the breakroom television.

44.     As a result of the sexual harassment and retaliation and management's refusal to correct or stop the misconduct, Ms. Butler sought assistance from the Agency's EAP professional.

45.     Upon information and belief, the Agency's EAP professional, would share the confidential content of Ms. Butler's sessions with management.

46.     Ms. Butler also became extremely stressed out and would often cry at work because of the continued harassment and retaliation.  In order to deal with the situation and the increased stress, Ms. Butler was forced to use about 200 hours of her sick leave, seek doctor's care, and began having anxiety attacks, headaches, and high blood pressure.

47.     Ms. Butler was only informed of the Agency's sexual harassment policy and her right to file an EEO complaint after speaking with a co-worker regarding the discriminatory treatment she was experiencing.

48.     Since Ms. Butler believes that the treatment she received was a violation of her Title VII rights, Ms. Butler sought relief by complaining internally as well as submitting a Charge with the Agency's EEO office and the United States Equal Employment Opportunity Commission.

49.     Ms. Butler now timely files this Complaint for relief from the discriminatory and illegal treatment that she experienced as a result of the Agency's misconduct.

## CAUSES OF ACTION

### COUNT ONE
**(Discrimination on the Basis of Gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.)**

50.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

51.     As a female, Plaintiff is a member of a protected class (female).

52.     Because of her gender (female), Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint, including denied leave, non-payment for time worked, and being placed Leave Without Pay, in violation of Title VII.

53.     Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment since she had a significant change in her duties and responsibilities.

54.     Defendant knew that Plaintiff is a female prior to subjecting Plaintiff to the aforementioned material adverse employment actions and was aware of the discrimination Plaintiff was subjected because of her gender (female).

55.     Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her gender (female).

56.     Defendant has limited, segregated and classified Plaintiff in a way that deprived her of employment opportunities and otherwise adversely affected her status as an employee because of her gender (female).

57.     As stated above, other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably then Plaintiff in the terms and conditions of employment.

58.     Similarly situated male employees have not been terminated, for having the same or similar or more egregious misconduct.

59.     Plaintiff's gender was a determining factor in Defendant's unlawful conduct toward Plaintiff.

60.     Plaintiff's gender was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

61.     The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

62.     Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her gender (female).

63.     Defendant discriminated against Plaintiff because of her gender (female) by engaging in, tolerating or failing to prevent discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

64.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional

opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

65.    Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

66.    Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

    a.   Award compensatory damages;

    b.   Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

    c.   Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

    d.   Award reasonable attorney fees, costs, and expenses incurred for this action;

    e.   Order Defendant to institute a policy and procedure to be implemented against discrimination;

    f.   Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

    g.   Supervisory training for the supervisors at issue herein;

    h.   Award equitable, declaratory, and injunctive relief; and

    i.   Award such other and further relief as this Honorable Court deems just and proper.

## COUNT TWO
**(Discrimination on the Basis of Race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*)**

67.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

68.     As an African American, Plaintiff is a member of a protected class.

69.     Because of her race (African American), Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint, including denied leave, non-payment for time worked, and being placed Leave Without Pay, in violation of Title VII.

70.     Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment since she had a significant change in her duties and responsibilities.

71.     Defendant knew that Plaintiff is an African American prior to subjecting Plaintiff to the aforementioned material adverse employment actions and was aware of the discrimination Plaintiff was subjected because of her race (African American).

72.     Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her race (African American).

73.     Defendant has limited, segregated and classified Plaintiff in a way that deprived her of employment opportunities and otherwise adversely affected her status as an employee because of her race (African American).

74.     As stated above, other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably then Plaintiff in the terms and conditions of employment.

75.     Similarly situated White employees have not been terminated, for having the same or similar or more egregious misconduct.

76.     Plaintiff's race was a determining factor in Defendant's unlawful conduct toward Plaintiff.

77.     Plaintiff's race was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

78.     The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

79.     Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her race (African American).

80.     Defendant discriminated against Plaintiff because of her race (African American) by engaging in, tolerating or failing to prevent discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

81.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

82.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

83.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a.  Award compensatory damages;

b.  Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

c.  Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d.  Award reasonable attorney fees, costs, and expenses incurred for this action;

e.  Order Defendant to institute a policy and procedure to be implemented against discrimination;

f.  Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

j.  Supervisory training for the supervisors at issue herein;

k.  Award equitable, declaratory, and injunctive relief; and

l.  Award such other and further relief as this Honorable Court deems just and proper.

## COUNT THREE
**(Discrimination on the Basis of Reprisal in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.)**

84.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

85.     Plaintiff complained to her supervisors of the unlawful, hostile and discriminatory and retaliatory treatment that she to which she was being subjected.

86.    Since September 24, 2012 through her the filing of this Complaint, Plaintiff regularly made several complaints of disparate treatment and discrimination to her supervisors, her harasser, the Agency's EEO office and the EEOC about her treatment.

87.    Since Plaintiff's EEO complaints were not resolved and no action was taken to resolve them, Plaintiff filed an EEO Complaint, which named her harasser, Lead Dispatcher William Campbell.

88.    Plaintiff's EEO complaint was investigated by the Agency.

89.    Shortly after filing her EEO Complaint, Plaintiff began to be treated differently from her similarly situated co-workers and from how she was treated prior to complaining about the disparate treatment and discrimination.  Specifically, Mr. Campbell's and her supervisors' treatment became even more hostile after Plaintiff filed her EEO Complaint.

90.    After completion of the EEO investigation, Plaintiff timely requested a hearing before an EEOC Administrative Judge.

91.    Since engaging in protected EEO activity, Plaintiff has been subject to retaliatory adverse actions by Defendant, including being receiving  unwanted sexual comments, not having her EEO complaints addressed, receiving unwarranted scrutiny, denied training, denied leave, not permitted to accept donated leave, being placed LWOP, not timely paid for leave, having personal information disseminated, being discouraged from filing an EEO complaint, required to sit next to her harasser, having her harasser rate her performance, not allowed to change television channel, timed when would go to the bathroom, timed when would go to lunch, watched on camera and incorrectly accused of not timely returning to work, and other conduct at issue in this Complaint.

92.    Similarly situated co-workers (no prior EEO activity) were not subjected to the same adverse treatment or any adverse treatment.

14

93.     Defendant engaged in reprisal against Plaintiff because she opposed Defendant's discriminatory practices and participated in EEO activity.

94.     The adverse retaliatory actions to which Plaintiff has been subjected are directly a result of Plaintiff having previously engaged in protected EEO activity.

95.     Plaintiff complained to her supervisor and through her chain of command about her discrimination. Defendant knew, or should have known, of Plaintiff's participation in protected EEO activity before subjecting her to the aforementioned adverse actions.

96.     As a result of Plaintiff's open opposition to Defendant's discriminatory treatment, Plaintiff was routinely humiliated Plaintiff by her adverse treatment and engaged in a persistent pattern of severe or pervasive harassment set forth herein, which created a hostile and offensive workplace.

97.     The adverse treatment that Plaintiff was being subjected to by Defendant was in front of and obvious to her co-workers.

98.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

99.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Further, Defendant's treatment and actions were ongoing.

100.   Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.   Award compensatory damages;

b.   Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

c.   Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d.   Award reasonable attorney fees, costs, and expenses incurred for this action;

e.   Order Defendant to institute a policy and procedure to be implemented against discrimination;

f.   Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g.   Supervisory training for the supervisors at issue herein;

h.   Award equitable, declaratory, and injunctive relief; and

i.   Award such other and further relief as this Honorable Court deems just and proper.

## COUNT FOUR
### (Hostile Work Environment / Sexual Harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*)

101.   Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

102.   As a result of Plaintiff's protected class (female, African American, and/or engagement in protected EEO activity), Plaintiff's supervisors routinely humiliated Plaintiff and

engaged in persistent pattern of severe and pervasive harassment as set forth herein, which created a hostile and offensive workplace environment in violation of Title VII.

103.    Plaintiff was regularly and continually subjected to harassing conduct that alleged throughout this Complaint, including but not limited to receiving  unwanted sexual comments, receiving unwarranted scrutiny, denied training, not permitted to accept donated leave, denied leave, being placed LWOP, not timely paid for leave, having personal information disseminated, being discouraged from filing an EEO complaint, required to sit next to her harasser, having her harasser rate her performance, not allowed to change television channel, timed when would go to the bathroom, timed when would go to lunch, watched on camera and incorrectly accused of not timely returning to work, which created a hostile and abusive work environment.

104.    Plaintiff believes that he was subjected to a hostile work environment based on her race (African American), gender (female), and/or engagement in protected EEO activity.

105.    Defendant's unlawful conduct was unwelcome.

106.    Defendant's deliberate conduct of the adverse actions referred to throughout this Complaint created a hostile and abusive work environment.

107.    Plaintiff was subjected to harassment because her race (African American), gender (female), and/or engagement in protected EEO activity, and it unreasonably interfered and affected a term, condition, or privilege of Plaintiff's employment.

108.    Defendant knew or should have known of the harassment.  Defendant failed to adequately investigate the harassment and took no effective, immediate or remedial action. Despite Plaintiff's complaints, the harassment continued unabated and increased over time.

109.    By failing to take appropriate and effective remedial action against Plaintiff's supervisors, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

110.    As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

111.    Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

112.    Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

    a.   Award compensatory damages;

    b.   Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

    c.   Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

    d.   Award reasonable attorney fees, costs, and expenses incurred for this action;

    e.   Order Defendant to institute a policy and procedure to be implemented against discrimination;

    f.   Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

    g.   Supervisory training for the supervisors at issue herein;

    h.   Award equitable, declaratory, and injunctive relief; and

    i.   Award such other and further relief as this Honorable Court deems just and proper.

## EQUITABLE RELIEF

113.   Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

114.   Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the party of Defendant, by and through its agents, servants and employees.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

    a.   Order the Defendant to institute a policy and procedure to be implemented against discrimination;

    b.   Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

    c.   Supervisory training for the supervisors at issue herein; and

    d.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

115.   Plaintiff demands a trial by jury on all issues set forth herein.


Respectfully submitted,


By:   *donna williams rucker /rtc*
      DONNA WILLIAMS RUCKER
        (D.C. Bar No. 446713)
      MACKENZIE B. COY
        (D.C. Bar No. 1004847)
      RUCKER & ASSOCIATES, P.C.
      888 Sixteenth Street, N.W., Suite 800
      Washington, DC 20006
      Office: (202) 349-9830
      Facsimile: (202) 355-1399
      Email: drucker@ruckerlawpc.com
             mcoy@ruckerlawpc.com

October 26, 2015                    Counsel for Plaintiff