## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TANYA M. BUTLER,<br><br>     Plaintiff,<br><br>  v.<br><br>RICHARD V. SPENCER, Secretary,<br>U.S. Department of the Navy,<br><br>     Defendant. | Civil Action No. 15-1820 (JEB) |

## JOINT STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff, Tanya M. Butler ("Plaintiff") and Defendant, Richard V Spencer, Secretary, United States Department of the Navy (the "Agency" or "Defendant"), by and through their respective undersigned counsel, hereby enter into the following Stipulation of Settlement and Dismissal ("Stipulation"):

1. The parties enter into this Stipulation in order to make full and final settlement of any and all matters that Plaintiff raised or could have raised in this action.  Plaintiff agrees to accept the terms set forth herein in full satisfaction of, and in exchange for a full release of, any and all claims, demands, rights and causes of action of any nature based upon and related to this cause of action and to her employment with the Agency through the effective date of this Stipulation.

2. <u>Settlement Payment</u>.  Defendant shall pay Plaintiff the sum of <u>$85,300</u>. Defendant shall pay Plaintiff's Counsel the sum of <u>$65,000</u> in attorneys' fees.  Payment shall be made as promptly as practicable, consistent with the normal processing procedures followed by the Department of Justice and the Department of the Treasury following the provisional

dismissal of the above-captioned civil action.  The request for payments indicated in this Agreement will be submitted by Defendant within 5 business days after this Release has been fully executed by all partied.  Defendant and the United States and its employees shall have no further liability for any amounts. Plaintiff's counsel shall be responsible for the distribution of the payment among Plaintiff and Plaintiff's counsel.  This payment may be made by electronic transfer to the bank account specified by Plaintiff's counsel.

3.  <u>Restore Leave</u>.  Defendant shall restore eighty (80) hours of annual leave and forty (40) hours of sick leave to the Plaintiff up to the maximum allowed by law, regulation or Agency policy. In no event will the Agency restore more than eighty (80) hours of annual leave and forty (40) hours of sick leave or more than is allowed by law, regulation or Agency policy.

4.  <u>Training</u>. The parties agree that EEO training regarding discrimination will continue in the workplace to included training regarding sexual harassment.

5.  <u>Supervisory Chain of Command</u>.  Defendant agrees that Plaintiff will not be required to work under the supervision of William Campbell or Jodie Sees.

6.  <u>Documents</u>.  Defendant will remove any negative information in Plaintiff's personnel file related to claims and causes of action asserted herein.

7.  <u>OWBPA Compliance</u>.  Plaintiff agrees to waive the twenty-one calendar days within which to consider this Stipulation, pursuant to the Older Workers Benefit Protection Act ("OWBPA") and that the waiver of her rights and claims herewith is a knowing and voluntary waiver.  Plaintiff may revoke her agreement to this Stipulation during the seven (7) calendar day period following her execution hereof.  Such revocation must be in writing and delivered to Defendant's Counsel on or before the seventh calendar day after the date on which Plaintiff signs this Stipulation.  Plaintiff is advised to consult with an attorney prior to signing this Stipulation. By her signature below, Plaintiff's Counsel represents that: (i) she has served as Plaintiff's

attorney with respect to this matter; (ii) she has examined this Stipulation and has discussed its terms with Plaintiff; and (iii) she believes that the requirements set forth in 29 U.S.C. § 626(f)(1)(A) (G) have been fully satisfied in connection with this settlement agreement.

8.   <u>Dismissal with Prejudice</u>.  Unless Plaintiff timely exercises her right to rescind this Stipulation, as provided in Paragraph 4 hereof, the filing of this Stipulation shall constitute a provisional dismissal of the above-captioned civil action against Defendant.  Plaintiff will have the right to reinstated this case if payment and entitlements are not received within sixty (60) days of the request for processing parties request that the Court enter this Stipulation as an Order so as to retain jurisdiction to enforce the terms thereof. Counsel for Defendant must file the fully executed Stipulation immediately upon expiration of the revocation period in Paragraph 4. Plaintiff agrees that execution of this Stipulation by her and the Defendant shall constitute a voluntary dismissal with prejudice of the matters pending against Defendant under Federal Rule of Civil Procedure 41(a)(1) including in the above-styled action.

9.   <u>Release</u>.  This Stipulation provides for the full and complete satisfaction of all claims which have been or could have been asserted by Plaintiff in the above-captioned civil action and with respect to Plaintiff's employment with the Agency, including without limitation all claims for compensatory damages, back pay, front pay, costs, attorney's fees, and interest or other compensation for delay, and Plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against the Defendant, the Agency, or the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event complained of or that could have been complained of at any time up to the effective date of this Stipulation. Plaintiff hereby fully and forever releases and discharges the Defendant, the Agency, and the United States, its agencies

and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which Plaintiff now has or may have arising out of or in connection with any event occurring on or before the date on which she has executed this Stipulation, including without limitation any rights or claims under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, the Civil Service Reform Act of 1978, the Older Workers Benefit Protection Act of 1990, the Civil Rights Act of 1991, and the Family and Medical Leave Act of 1991, all as amended and currently in effect.  In connection with this release, Plaintiff acknowledges that she is aware that she may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those which she now knows with respect to the rights and claims released herein. Nevertheless, Plaintiff agrees, through this Stipulation, to settle and release all such rights and claims; provided, however, that nothing in this Stipulation shall affect: (i) any rights or claims that may arise after the date Plaintiff signs this Stipulation, except for claims involving alleged discriminatory compensation decisions or practices that occurred before the date Plaintiff signs this Stipulation which may affect Plaintiff's future compensation, or (ii) Plaintiff's right or entitlement to any retirement, health, or similar employee benefits that are available generally to present and former Agency employees based on their federal service.

   10. No Assignment.  Plaintiff represents and warrants that she is the sole lawful owner of all the rights and claims which she has settled and released herein, and that she has not transferred or assigned any of those rights and claims or any interest therein. Plaintiff shall indemnify, hold harmless, and defend the Defendant, the Agency, and the United States, its

agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

11.    No Admission of Liability.    This Stipulation has been entered into by Plaintiff and Defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Stipulation is not intended and shall not be deemed to be an admission by either party of the merit or lack of merit of the opposing party's claims and defenses. Without limiting the generality of the foregoing, this Stipulation does not constitute, and shall not be construed as, an admission that Defendant, the Agency, or any of the Agency's present or former employees or agents violated any of Plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by Plaintiff in connection with this case or otherwise. This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against Defendant, the Agency, or the United States or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

12.    Entire Agreement.    This Stipulation contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

13.     Amendments.  The terms of this Stipulation may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by both parties.

14.     Construction.  The parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Stipulation or any term or provision hereof.

15.     Headings.  The paragraph headings in this Stipulation have been inserted for convenience of reference only, and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

16.     Severability.   The provisions of this Stipulation are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation.

17.     Further Assurances.   Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Stipulation.

18.     Right to Cure.  If either party at any time believes that the other party is in breach of this Stipulation, that party shall notify the other party of the alleged breach. The other party shall then have thirty (30) days to cure the breach or otherwise respond to the claim. The parties shall make a good faith effort to resolve any dispute arising from or regarding this Stipulation before bringing the dispute to the Court's attention.  Attorneys' fees and cost shall be the responsibility of the party determined to have breached this agreement.   The Court shall retain

jurisdiction over this Settlement Agreement, including to hear disputes regarding it and to enforce its terms.

19.     Notices.  Any notice required or permitted to be given pursuant to this Stipulation shall be in writing and shall be delivered by hand, or transmitted by fax or by e-mail, addressed as follows or as each party may subsequently specify by written notice to the other:

| | |
|---|---|
| If to Plaintiff: | Tanya M. Butler |
| With copy to: | Donna Williams Rucker<br>Tully Rinckey PLLC<br>815 Connecticut Ave NW<br>Suite 720<br>Washington, DC 20006 |
| If to Defendant: | Brian J. Sheppard<br>Office of Counsel<br>Naval District Washington |
| With copy to: | Wyneva Johnson<br>Assistant United States Attorney<br>555 Fourth Street, N.W., Rm. E4106<br>Washington, D.C. 20530<br>and<br>Chief, Civil Division<br>Office of the United States Attorney<br>for the District of Columbia<br>555 Fourth Street, N.W.<br>Washington, D.C. 20530 |

20.     Execution.  This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement.  A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original.

21.     Governing Law.  This Stipulation shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

7

22.    <u>Binding Effect and Effective Date</u>.    Upon execution of this Stipulation by all parties hereto, this Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns; provided, however, that the Settlement Agreement herein shall not become effective or enforceable until the revocation period provided for in Paragraph 4 hereof has expired.  Each signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into this Stipulation.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have

executed this Stipulation on the dates shown below.

Respectfully submitted,

*Tanya M. Butler*

TANYA M. BUTLER
Plaintiff

Date: 8/02/2018

JESSIE K. LIU., D.C. Bar # 472845
United States Attorney for the District of
Columbia

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: /s/ Wyneva Johnson

WYNEVA JOHNSON, D.C. Bar # 278515
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2518
Wyneva.johnson@usdoj.gov

Counsel for Defendant

Of Counsel:
BRIAN J. SHEPPARD
Office of Counsel
Naval District Washington

SO ORDERED on this _____ day of _____, 2018.

_____
United States District Judge

9